**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARGARET N.[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendants.

Case No. 2:24-cv-4125

Graham, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Margaret N. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **REVERSED and REMANDED**, because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) on July 23, 2018, claiming disability beginning as of June 5, 2012. (Tr. 306, 2263). Plaintiff previously applied for disability benefits, which resulted in a final and binding ALJ decision dated August 19, 2015. (Tr. 172-89, 202-09, 2263). The ALJ found no basis for reopening the prior decision (Tr. 2263). As such, Plaintiff could not be found disabled prior to August 20, 2015.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

Plaintiff's insured status, for purposes of being entitled to receive Title II benefits, expired on June 30, 2016. (Tr.2263, 2265).

Plaintiff's application was denied initially in September 2018 and upon reconsideration in November 2018. (Tr. 235-27, 243-49). In March 2020, an ALJ found Plaintiff not disabled. (Tr. 16- 28). In October 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

Plaintiff appealed the ALJ's decision, and, in August 2021, the District Court for the Southern District of Ohio remanded the case based upon a joint motion to remand. (Tr. 1455). In February 2022, the Appeals Council remanded the case to the ALJ for further evaluation. (Tr. 1457-60). In November 2022, a different ALJ found Plaintiff not disabled (Tr. 1356-70). Plaintiff again appealed the denial, and, in April 2023, the District Court remanded the case following a joint motion to remand. (Tr. 2350). In September 2023, the Appeals Council remanded the case to an ALJ. (Tr. 2352-55). On July 11, 2024, an ALJ issued an unfavorable decision, concluding that Plaintiff was not disabled. (Tr. 2259).

Plaintiff was born in 1968 and was 48 years old on her last date insured. (Tr. 2277). She has a high school education and past relevant work as a sales clerk.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "Degenerative Disc Disease of the Lumbar Spine; Spondylosis of the Thoracic and Lumbosacral Regions; Degenerative Joint Disease of the Sacroiliac Joint; Asthma; Obesity; and Unspecified Bipolar Disorder." (Tr. 2265). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix

1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> She can occasionally climb ramps and stairs; she should avoid climbing ladders, ropes, and scaffolds; she could occasionally stoop, kneel, crouch, and crawl; she should avoid concentrated exposure to concentrated pulmonary irritants, such as fumes, odors, dust and gasses; she could tolerate performing routine and repetitive tasks that involve only making simple work-related decisions, and with few, if any workplace changes; she should avoid performing jobs with strict production quotas or fast-paced work, such as on an assembly line; she could tolerate occasional interactions with the general public, co-workers, and supervisors, but should avoid jobs involving customer service, persuasion, or conflict resolution responsibilities; and she should avoid performing tandem tasks.

(Tr. 2269). Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work but could perform other jobs that exist in significant numbers in the national economy, including mail clerk, merchandise marker, and router. (Tr. 2278). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. (Tr. 2279).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by failing to properly evaluate the opinion of Dr. Balogh. Plaintiff's contention is well taken.

## I. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent

the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of

Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is not supported by Substantial Evidence**

Plaintiff argues that the ALJ erred when evaluating the opinions of Dr. Balogh, who was Plaintiff's long time treatment mental health provider. Specifically, Plaintiff contends that the ALJ failed to explain how Dr. Balogh's opinions were unpersuasive and did not compare Dr. Balogh's opinions to other medical and non-medical evidence. Plaintiff further argues that the ALJ did not consider the level of support provided by Dr. Balogh. Plaintiff's contentions are well-taken.

The current regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017. See 20 C.F.R. § 416.920c (2017). The current regulation at 20 C.F.R. § 416.920c differs from the previous regulation at 20

C.F.R. § 416.927 in several key areas. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the current regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Further, while the ALJ must articulate consideration of all medical opinions, the current regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. Compare 20 C.F.R. § 416.927(c)(2) with 20 C.F.R. § 416.920c(a), (b).

The ALJ is only required to explain how he or she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he or she considered medical opinions. See 20 C.F.R. §§ 416.920c(b)(2)-(3).

> In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 404.1527(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 404.1520c(c)(1), (2) (further clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)).

As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." 20 C.F.R. § 404.1520c(c)(1). In other words, supportability addresses whether a medical professional has sufficient justification for their own conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.).

Additionally, as a rule, an ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011); see also *Wilson v. Com'r of Soc. Sec.*, 378 F.3d 541, 544-546 (6th Cir. 2004) (holding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ existed to support the decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Com'r of Soc. Sec.*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999)

Here, in formulating Plaintiff's RFC, the ALJ considered the opinion of Dr. Robert Balough, a treating source, who completed a mental health opinion form on November 19, 2019. (Tr. 2273). Notably, Dr. Balough diagnosed Plaintiff with Bipolar Disorder with manic and psychotic features (Id. citing B20F). Dr. Balough opined that Plaintiff presented with significant functional limitations, and she would be absent from work for 4 days per month. (Id. at 3). He further opined that the earliest date that the above-stated limitations apply by September 24, 2015. (Id. at 4). The ALJ determined that Dr. Balough's opinion

was non-persuasive because it was not consistent with nor supported by the totality of the record, which documents a history of conservative care for the Plaintiff's severe mental impairment. Alternatively, the ALJ found that the record supports no more than moderate functional limitations, due to a mental impairment. Moreover, the ALJ further noted that the record supports the mental limitations found within the above stated RFC, which adequately accounts for and accommodates the functional limitations resulting from a mental impairment by limiting the nature, complexity, and pace of the claimant's work activities, along with the nature and frequency of her interactions with others in the workplace, due to limiting effects of the symptoms associated with Bipolar Disorder.

Plaintiff argues, however, that the ALJ's evaluation of Dr. Balough's findings are unsupported by the record. Namely Plaintiff contends that the "ALJ did not cite to a single piece of evidence to support his findings. Upon review, the undersigned finds that the ALJ's supportability and consistency analysis is not substantially supported.

As noted above, the ALJ found Dr. Balough's opinion "not persuasive," stating that it was "neither consistent with nor supported by the totality of the record," citing conservative treatment and finding that the record supported no more than moderate mental limitations. (Tr.2273). With respect to supportability, the ALJ's conclusory statement that this opinion is supported by the totality of the record, including Plaintiff's conservative treatment history fails to permit the court to build a logical bridge between the record evidence and the ALJ's conclusion. Namely, the ALJ failed to address the longitudinal treatment history during the relevant period, the documented clinical findings and medication management. Documented findings including mood instability, impaired attention, distractibility, and other abnormal mental-status findings; or Dr. Balough's

clinical explanations supporting the assessed limitations. Instead, the ALJ stated only that the opinion was unsupported by the "totality of the record." Such a conclusory statement does not permit the Court to trace the path of the ALJ's reasoning.

Notably, Dr. Balogh reported that he treated Plaintiff every 1-3 months with his first examination being on September 24, 2015. (Tr. 1340). Dr. Balogh diagnosed Plaintiff with bipolar disorder, manic, with psychotic features; and a generalized anxiety disorder. Id. Dr. Balogh identified certain clinical findings including Plaintiff being disorganized, having racing thoughts, hallucinations, issues with irritability, and anxiety. Id. He reported her prognosis as "poor." Id. Dr. Balogh then identified several symptoms such as impaired impulse control, mood disturbance, motor tension, flight of ideas, vigilance, easy distractibility, sleep disturbance, a memory impairment, and recurrent severe panic attacks. (Tr. 1341).

The record also indicates that Plaintiff participated in individual psychotherapy sessions with other counselors monthly or bimonthly. Those notes documented a lack of motivation and anger. (Tr. 486). Ms. Nelson reported to her counselor that she was sad and admitted to negative thinking most days. (Tr. 729). She reported nightmares of her abusive ex-husband. (Tr. 731). She reported issues with anxiety and depression. (Tr. 778). She had a lack of concern for most things as well as a lack of interest and motivation. Id. The exam indicated that Ms. Nelson was anxious and fearful, suffered from visual hallucinations, had an impaired immediate recall, and exhibited obsessive thought content. (Tr. 782-783). Treatment notes also indicate medication management, including prescriptions for abilify, viibryd, quetiapine and diazepam.

With respect to consistency, although the ALJ characterized Plaintiff's mental-health treatment as "conservative," the decision does not explain how medication management and psychotherapy undermine Dr. Balough's findings; why documented abnormal findings do not support the assessed limitations; or how specific evidence contradicts particular functional restrictions identified by Dr. Balogh. As such the undersigned finds that the mere labeling of treatment as "conservative" does not constitute a meaningful consistency analysis under § 404.1520c.

The Commissioner argues that the ALJ's reasoning can be inferred from the decision as a whole. That argument is unpersuasive. Judicial review requires that the ALJ provide a discernible explanation permitting the Court to trace the path of reasoning. The Court may not supply reasoning that the ALJ did not articulate. Accepting the Commissioner's position would require post hoc rationalization, which is impermissible. *See Simpson v. Comm'r of Soc. Sec*., 344 F. App'x 181, 192 (6th Cir. 2009)(defense counsel] are of no consequences, as it is the opinion given by an administrative agency rather than counsel's post hoc rational' that is under the Court's consideration).

In light of the foregoing, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports the decision. *See Reynolds v. Comm'r of Soc. Sec.,* 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation,"

explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

**III. Conclusion and Recommendation**

This matter is herein remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. See *Faucher v. Secretary of Health and Human Servs*., 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. Here, all essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher*, 17 F.3d at 176.

For the reasons explained herein**, IT IS THEREFORE RECOMMENDED THAT** Defendant's decision be **REVERSED AND REMANDED** under sentence four, for further

development of the record consistent with this report and recommendation, that judgment be entered, and that this case is **CLOSED**.

*/s Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARGARET N.

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendants.

Case No. 2:24-cv-4125

Graham, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).